FILED
6/26/2024 3:34 PM
Delia Sellers
District Clerk
Liberty County, TX
Jamey Brooks

CAUSE NO. 24DC-CV-00811 _____

| | | |
|---|---|---|
| **JASON EDWARDS-EASLEY** | § § § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § § | |
| vs. | § § | **LIBERTY COUNTY, TEXAS** |
| **LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.; AND ROBERT "COLIN" SMITH** | § § § § | Liberty County - 253rd District Court |
| *Defendants.* | § | ____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR JURY TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff Jason Edwards-Easley and files this Original Petition and Demand for Jury Trial against Defendants in support of which would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff Jason Edwards-Easley is an individual resident of Lumberton, MS. The last 3 digits of his driver's license number are 062 and the last 3 digits of his social security number are 705.

2. Defendant Love's Travel Stops & Country Stores, Inc. is a foreign company doing business in the State of Texas. Defendant can be served with process through its registered agent CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3. Defendant Robert "Colin" Smith is an individual who may be served with process at his home at 1603 Sandy Park Dr., Kingwood, TX 77339-3081.



PLAINTIFFS' PETITION                                                            1

## II.
### VENUE

4.      Venue is proper in Liberty County, Texas, pursuant to Texas Civil Practice & Remedies Code Sections 15.002(1), as Liberty County is the county in which all or a substantial part of the cause of action arose.

## III.
### DISCOVERY CONTROL PLAN

5.      The parties will conduct discovery in this action under the Discovery Control Plan Level III, as set forth in Texas Rule of Civil Procedure 190.1.

## IV.
### STATEMENT OF THE CASE

6.      Plaintiff sues Defendants under Texas law for sexual harassment and retaliation, and brings this action for monetary damages over $250,000 but not exceeding $1,000,000.

## V.
### FACTUAL BACKGROUND

7.      Plaintiff Jason Edwards-Easley was employed by Defendant Love's Travel Stops & Country Stores, Inc. ("Love's").  He was given the position of Tire Care Manager in Cleveland, Texas in December 2022.  Colin Smith was the General Manager and the direct supervisor of Plaintiff.

8.      Prior to Plaintiff's arrival at the facility, Smith addressed the team of employees that were to work under Plaintiff's supervision and told them that the new Tire Care Manager was gay. One of the employees commented that he "ain't working for no faggot," and Smith did not reprimand him or even comment.

9. Smith told Plaintiff directly that he did not want him there or need him there. He told Plaintiff that he, Smith, was surprised that Plaintiff ran a mechanical shop and he thought Plaintiff would play with flowers. He demeaned Plaintiff and made fun of his name.

10. Smith would meet with the employees supervised by Plaintiff to ask if they were uncomfortable working with him. He demeaned Plaintiff in front of the employees Plaintiff supervised. He made rude comments about Plaintiff to the employees, such as that Plaintiff was too "soft" to be working in that environment.

11. Smith constantly tried to create discord between Plaintiff and his employees, and tried to get Plaintiff fired. He used Plaintiff's computer credentials to write up employees. He sabotaged a store audit and blamed Plaintiff.

12. Plaintiff reported the harassment by Smith to his District Manager, Joyce Jones. Ms. Jones made Plaintiff go to dinner with her and Smith to address the issues, all of them riding together. Thinking there would be resolution, Plaintiff was shocked when Ms. Jones, instead, castigated him for reporting. She told Plaintiff it was her shop and her General Manager, Smith, could do what he wanted. She told Plaintiff she could terminate him. She told Plaintiff he was too soft. Jones and Smith then left the restaurant together, leaving Plaintiff alone and without a ride. Smith's harassment got worse.

13. The harassment was so bad that a number of the employees that were supervised by Plaintiff complained to Love's Human Resources about how Plaintiff was being treated. Ms. Jones was sent to "investigate" the complaints. She then called the Plaintiff into the office and told him that none of the employees had anything bad to say about Smith, which was a lie. Many of the employees told Plaintiff about how offended they were by Smith's treatment of Plaintiff (and have provided statements to that effect for this lawsuit).

14.     Approximately a week later, Jones sent Plaintiff to another shop to help get ready for a business review.  She showed up at that shop and again went to eat with the Plaintiff and another manager, where she told Plaintiff he had to step down or she would demote or fire him.  She subsequently told Plaintiff he could not return to his shop.  Plaintiff was forced to re-locate to Mississippi with a demotion to an assistant manager position, making less money.  Smith told Plaintiff's employees that he had been let go and that he had been stealing money.

## VI.
## CAUSES OF ACTION

15.     Plaintiff re-alleges and incorporates the allegations contained in the Paragraphs above as if restated herein, including all subsections of this "Causes of Action" section.

16.     Plaintiff Jason Edwards-Easley asserts claims for harassment based on sexual orientation against both Defendants pursuant to Chapter 21 of the Texas Labor Code and seeks economic damages, compensatory damages, punitive damages, all costs of court with pre-and post-judgment interest at the rates provided by law, attorney fees and expert fees.

17.     Sexual orientation harassment is a recognized cause of action under Title VII and the TCHRA.  Plaintiff is suing the Defendants Love's and Colin Smith for hostile environment sexual harassment as outlined below.

18.     All jurisdictional pre-requisites for the claims have been met.  Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity and received his Rights to Sue from the EEOC on March 20, 2024.  He also received his Rights to Sue from the Texas Workforce Commission on June 17, 2024. This suit is filed within 60 days of the Notice of Right to Sue and two years of the filing of the Charge.

19.     Tex. Labor Code Tex. Labor Code § 21.002(4) "Complainant" means an individual who brings an action or proceeding under this chapter. Jason Edwards-Easley is the "Complainant" within the meaning of the Texas Labor Code.

20.     Tex. Labor Code Tex. Labor Code § 21.002 (7)  "Employee" means an individual employed by an employer, including an individual subject to the civil service laws of this state or a political subdivision of this state, except that the term does not include an individual elected to public office in this state or a political subdivision of this state.  Plaintiff Jason Edwards-Easley is an "Employee" as defined by the Texas Labor Code

21.     Tex. Labor Code Tex. Labor Code § 21.002 (8)  "Employer" means:

(A)  a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year;
(B)  an agent of a person described by Paragraph (A)

The Defendants are "Employers" as defined by the cited section of the Texas Labor Code.

22.     The TCHRA prohibits discrimination on the basis of sex, among other factors. Tex. Labor Code § 21.051. Sexual orientation harassment is a form of sex discrimination prohibited by the TCHRA.

23.     Hostile environment sexual harassment is governed by Tex. Labor Code § 21.051. DISCRIMINATION BY EMPLOYER.  An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1)  fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment;  or
(2)  limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend  to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

24.     To establish a prima facie case of hostile-work-environment harassment, a plaintiff must show: (1) he was subjected to unwelcome harassment; (2) he was harassed because of his sex, which includes sexual orientation; and (3) the harassment was so severe or pervasive as

to alter the terms or conditions of employment and create a hostile work environment. *Clark*, 544 S.W.3d at 771.

25. Plaintiff incorporates by reference paragraphs 7—14. Mr. Edwards-Easley was subjected to unwelcome harassment because of his sexual orientation on an ongoing and recurring basis by his supervisor. Colin Smith verbally harassed Mr. Edwards-Easley without his consent and then continued to sexually demean him. The ongoing harassment was directly related to Mr. Edwards-Easley's sexual preference.

26. For the third element, altering a term or condition of employment, the nature of the harassment itself is what constructively alters the plaintiff's terms and conditions of employment. *Tex. Dep't of State Health Servs. v. Resendiz*, 642 S.W.3d 163,187–88 (Tex. App.—El Paso 2021, no pet.). Mr. Edwards-Easley personally perceived his work environment to be hostile because of Mr. Smith's conduct. Any reasonable person would have found the work environment to be hostile or abusive. *See Lauderdale v. Texas Dept. of Criminal Justice,* 512 F.3d 157, 163 (5th Cir. 2007); *City of Houston v. Fletcher,* 166 S.W.3d 479, 489 (Tex. App. 2005). *Texas Dep't of Aging & Disability Servs. v. Iredia*, No. 01-13-00469-CV, 2014 WL 890921, at *7 (Tex. App. Mar. 6, 2014).

27. A hostile or abusive work environment "can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers." *Harris*, 510 U.S. at 22, 114 S.Ct. 367. "The effect on the employee's psychological well-being is ... relevant to determining whether the plaintiff actually found the environment abusive." *Id.* at 23, 114 S.Ct. 367. However, "while psychological harm, like any other relevant factor, may be taken into account, no single factor is required." *Id. Harris v. Fossil Grp., Inc.*, No. 05-21-01018-CV, 2023 WL 1794030, at *3 (Tex. App. Feb. 6, 2023). In the instant case, Mr. Edwards-Easley was offended, shamed and humiliated by Defendant

Smith's conduct. It caused him great anxiety. Mr. Edwards-Easley was distracted and threatened by Smith's derogatory comments. Mr. Edwards-Easley reported Smith's conduct and was transferred and demoted as a result.

28. Unlike discrimination claims involving an adverse employment action for which an employer must provide a nondiscriminatory reason for the action to avoid liability, with a sexual-orientation harassment claim, the harassment itself is the discrimination, and there "simply is no legitimate business justification for severe or pervasive sexual harassment." *Resendiz*, 642 S.W.3d at 186 (quoting *Lewis v. Forest Pharm., Inc.*, 217 F. Supp. 2d 638, 653 (D. Md. 2002)).

29. Tex. Labor Code § 21.055. RETALIATION. An employer, labor union, or employment agency commits an unlawful employment practice if the employer, labor union, or employment agency retaliates or discriminates against a person who, under this chapter:

    (1) opposes a discriminatory practice;
    (2) makes or files a charge;
    (3) files a complaint; or
    (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

The Plaintiff opposed a discriminatory practice—sexual orientation harassment. The Plaintiff also made a complaint of harassment to supervisors. Thus, the Plaintiff qualified for protection from retaliation under this provision of the TCHRA.

30. To establish a prima facie retaliation claim under the TCHRA, a plaintiff must show: (1) he engaged in a protected activity; (2) he experienced a material adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. *Clark*, 544 S.W. 3d at 782.

31. For the first element, a plaintiff engages in a protected activity under the TCHRA when he opposes a discriminatory practice or files a charge of discrimination, among other things. Tex.

Labor Code § 21.055; *Clark*, 544 S.W.3d at 786. The Plaintiff clearly opposed a discriminatory practice when he opposed the sexual harassment and made complaints to supervisors and HR.

32. For the second element of retaliation, a material adverse employment action is an employer action that would dissuade a reasonable employee from making a charge of discrimination. *Clark*, 544 S.W.3d at 788. Whether an employee suffered a material adverse employment action is a fact-specific inquiry because the significance of a retaliatory act often depends on the particular circumstances and context in which it occurs. *Donaldson*, 495 S.W.3d at 442. The Plaintiff was forced to relocate and received a demotion, suffering adverse employment actions.

33. For the third element of a prima facie retaliation claim, a plaintiff must show he would not have experienced the material adverse employment action "but for" him engaging in a protected activity. *Donaldson*, 495 S.W.3d at 441. The employee does not need to establish the protected activity was the sole cause of the adverse employment action, though. *Id*. at 441—42. A plaintiff may establish a retaliation claim by direct or circumstantial evidence. *Clark*, 544 S.W.3d at 781-82. In a harassment/retaliation claim, such as Mr. Edwards-Easley's, the testimony of the Plaintiff is direct evidence. The Plaintiff would not have been relocated and demoted had he not opposed/reported the sexual harassment by Smith.

34. Plaintiff incorporates paragraphs 7 through 14. As a result of the conduct of Love's and Smith, the Plaintiff has suffered damages and is entitled to recover back pay, front pay in lieu of reinstatement, compensatory damages, punitive damages, expert fees, court costs, attorney fees, prejudgment interest and post judgment interest as allowed by law.

35. Plaintiff's back pay will be calculated by deducting the amount he has earned in wages since his termination from the amount he would have earned (including the value of benefits) had he not been terminated. This formula will depend upon the information provided by

Defendants through discovery, including payroll and benefits information.

36.     COMPENSATORY AND PUNITIVE DAMAGES. (a) On finding that Defendants engaged in an unlawful intentional employment practice as alleged in a complaint, a court may, as provided by this section, award:

   (1) compensatory damages;  and
   (2) punitive damages.
   (b) A complainant may recover punitive damages against a respondent, other than a respondent that is a governmental entity, if the complainant demonstrates that the respondent engaged in a discriminatory practice with malice or with reckless indifference to the state-protected rights of an aggrieved individual.

37.     The Plaintiff has suffered extreme emotional distress, loss of enjoyment of life, anxiety, stress, fear, humiliation, loss of self-worth, loss of self-esteem, flashbacks, loss of trust, depression, worry, and other compensatory losses as a result of the harassment, the retaliation and the relocation/demotion. He is entitled to recover compensatory damages in the past and future in accordance with the above cited provision of the Texas Labor Code.

38.     The actions of Love's and Smith were engaged in with malice and/or reckless indifference to the Plaintiff's protected rights and he is entitled to punitive damages under the above cited provisions of the Texas Labor Code.

39.     Tex. Labor Code § 21.259.  ATTORNEY'S FEES;  COSTS. (a) In a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable attorney's fee as part of the costs.

   (c) In awarding costs and attorney's fees in an action or a proceeding under this chapter, the court, in its discretion, may include reasonable expert fees.

   The Plaintiff is entitled to attorney fees, costs and expert fess under the cited provision of the Texas Labor Code.

40. Plaintiff was unlawfully harassed during his employment with Defendant. Defendants retaliated against Plaintiff for opposing sexual harassment in the workplace; making a claim of harassment culminating in his wrongful termination. Plaintiff sues under Chapter 21 of the Texas Labor Code and seeks back pay, front pay, compensatory damages, punitive damages, attorney fees, expert fees, costs, pre-judgment and post judgment interest as allowed by law. All jurisdictional pre-requisites for this claim have been met as stated above.

## VII.
### JURY DEMAND

41. Plaintiff hereby demands a jury trial in accordance with state law. The jury fee has been tendered.

## VIII.
### PRAYER

Wherefore, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial Plaintiff have judgment for the following relief:

1. Back pay and front pay in lieu of reinstatement;
2. Compensatory damages, mental anguish damages;
3. Exemplary damages;
4. Pre-judgment and post-judgment interest at the rates provided by law;
5. Relevant attorney and expert fees and all court costs; and
6. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted.

/s/Susan E. Hutchison
SUSAN E. HUTCHISON
Texas Bar No. 10354100
sehservice@FightsforRight.com

S. R<small>AFE</small> F<small>OREMAN</small>
Texas Bar No. 07255200
srfservice@FightsforRight.com

H<small>UTCHISON</small> & F<small>OREMAN</small>, PLLC
500 East 4th St., Ste. 100
Fort Worth, Texas 76102
T: (817) 336-5533
F: (817) 887.5471

**ATTORNEYS FOR PLAINTIFF**
